IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| CRISTINA LUNA, | ) | CASE NO. 13-30662-H3-13 |
| Debtor | ) ) ) | |

ENTERED 03/28/2013

MEMORANDUM OPINION

The court has held an evidentiary hearing on the Motion for Relief from the Stay Regarding Exempt Property (Docket No. 10) filed by Prosperity Bank, Movant. The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Cristina Luna ("Debtor") filed an individual voluntary petition under Chapter 13 of the Bankruptcy Code on February 4, 2013.

On Schedule A, Debtor listed a fee simple interest in the real property located at 7767 Water Park Lane, Houston, Texas 77086 (hereinafter referred to as the "Property") and on Schedule C claimed the Property as exempt as her homestead. Debtor valued

the Property in the amount of $63,511.00.  Docket No. 14, Schedules A and C.  Debtor lists Prosperity Bank as a secured creditor, pursuant to a Deed of Trust on the Property, with claims in the amount of $121,615.65, representing amounts owed for the purchase of the Property and in the amount of $10,000, representing mortgage arrears.  Docket No. 14, Schedule D.  The court takes judicial notice of the schedules filed in the instant bankruptcy case.

Jose Oxi, Assistant Vice President of Prosperity Bank, testified that Debtor's husband, Arthur Luna, is the only maker and signatory on the promissory note executed in favor of Prosperity Bank's predecessor and that title to the Property is vested in his name alone.  He also testified that both Debtor and her husband executed the Deed of Trust and are referred to singularly as "Borrower."  Movant's Exhibit Nos. 1 - 4 and 7 - 9.

Oxi testified that prior to the filing of the instant case, Arthur Luna ("Luna") had a pending individual chapter 13 proceeding under Case No. 11-37026-H1-13.  Movant filed a motion to lift the stay on the Property in Case No. 11-37026-H1-13 and entered into an Agreed Order with Arthur Luna which required Luna to make his chapter 13 plan payments, out of which the chapter 13 Trustee paid Prosperity Bank.  Oxi testified that Luna defaulted on his plan payments and a Notice of Default was sent to Luna.  After the third Notice of Default was sent, Movant filed a Certificate of Termination and accelerated the promissory note in

January 2013.  Oxi testified that the unpaid balance on the note is in the amount of $121,236.71.  Movant's Exhibit No. 5.

Oxi testified that the Property was posted for foreclosure on February 5, 2013 but the foreclosure did not proceed because Debtor filed the instant case on February 4, 2013.  Luna's chapter 13 proceeding filed under Case No. 11-37026-H1-13 was dismissed on February 6, 2013, for failure to make his plan payments.

The court notes that, prior to filing Case No. 11-37026-H1-13, Arthur Luna also filed Case No. 08-35050-H3-13 (Luna's first bankruptcy filing) on August 4, 2008.  In Luna's first case, Luna listed the Property, claimed it as exempt and, through the confirmed plan, proposed a cure of mortgage arrears, and the maintenance of the mortgage payments pursuant to the terms of the mortgage contract.  Luna failed to make his plan payments and the case was dismissed on the chapter 13 Trustee's dismissal motion on August 13, 2009.  Prosperity Bank was not the mortgage holder in Case No. 08-35050-H3-13 but the filing and dismissal of the case is consistent with the pattern of repeated filings by Luna and Debtor in relation to the Property.  The court takes judicial notice of the docket sheets and files in Case Nos. 08-35050-H3-13 and 11-37026-H1-13.

Cristina Luna testified that the instant case was filed in good faith.  She testified that she resides on the Property and that she believes that she has an ownership interest in the

3

property because she signed the Deed of Trust.  Debtor testified that the property is insured and that she has made the first payment pursuant to her proposed plan.

### Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if–
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

The automatic stay can be terminated, annulled, modified or conditioned by the court for cause.  The term "cause" used in 11 U.S.C. § 362(d)(1) is not defined in the Code and whether cause exists must be determined on a case by case basis. *See In re Murray Industries, Inc.*, 121 B.R. 635 (Bankr. M.D. Fla. 1990).

Section 362(g) provides that the party requesting relief has the burden of proof on the issue of the debtor's

equity, and the party opposing relief has the burden of proof on all other issues.

In the instant case, no equity exists in the property. The instant case is the third bankruptcy proceeding between the Debtor and her husband and was filed on the eve of foreclosure while Luna's second case, Case No. 11-37026-H1-13, was still pending. The two prior cases filed by Arthur Luna were dismissed for failure to make plan payments. The court concludes, based on the totality of the circumstances, that relief from the automatic stay should be granted.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on this 28th day of March, 2013.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE